# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| SCOTT KELLY HANSEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 2:12-cv-36-JMS-WGH |
| | ) | |
| FEDERAL BUREAU OF PRISONS, | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

## Entry and Order Dismissing Action

### I.

Because the plaintiff is a Aprisoner@ as defined by 28 U.S.C. ' 1915(h), the court has screened his complaint as required by 28 U.S.C. ' 1915A(b). Pursuant to this statute, "[a] complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show that plaintiff is not entitled to relief." *Jones v. Bock,* 127 S. Ct. 910, 921 (2007). A complaint falls within this category if it "alleg[es] facts that show there is no viable claim.@ *Pugh v. Tribune Co.*, 521 F.3d 686, 699 (7th Cir. 2008).

The claim against the Federal Bureau of Prisons is dismissed as legally insufficient because of the United States' sovereign immunity and that of its agencies. *Federal Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 484-85 (1994)("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit."); *King v. Federal Bureau of Prisons*, 415 F.3d 634, 636 (7th Cir. 2005). The plaintiff alleges that the defendant individuals acted improperly by enforcing the prison's rules when it was thought, and then found, that the plaintiff had violated those rules. The plaintiff alleges that this had the effect of extending the anticipated duration of his confinement by 14 days. No claim of wrongful action can be maintained in these circumstances unless the challenged disciplinary proceeding has been set aside or called into question through the issuance of a writ of habeas

corpus. *Edwards v. Balisok,* 520 U.S. 641 (1997); *Gilbert v. Cook*, 512 F.3d 899, 900 (7th Cir. 2007).  No allegation of a writ has been made here.

       For the reasons explained above, the complaint fails to survive the screening required by ' 1915A because it fails to contain a legally viable claim against the defendants. Dismissal of the action pursuant to 28 U.S.C. ' 1915A(b) is therefore mandatory, *Gladney v. Pendleton Corr. Facility,* 302 F.3d 773, 775 (7th Cir. 2002), and judgment consistent with this Entry shall now issue. The dismissal shall be without prejudice.

## II.

       Judgment consistent with this Entry shall now issue.

       **IT IS SO ORDERED.**

Date:   08/14/2012

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

SCOTT KELLY HANSEN
40835-060
COMMUNITY CORRECTIONS OFFICE
OLD NC 75 HIGHWAY
BUTNER, NC 27509